# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-30160

UNITED STATES OF AMERICA,

United States Court of Appeals
Fifth Circuit

**FILED**

September 8, 2015

Lyle W. Cayce
Clerk

Plaintiff - Appellee

v.

BENSON CORIOLANT,

Defendant - Appellant

Appeals from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:11-CR-241-1

Before STEWART, Chief Judge, and JONES and GRAVES, Circuit Judges.

PER CURIAM:*

Defendant Benson Coriolant appeals his jury-trial conviction and 480-month sentence for sex trafficking of a minor. He argues on plain error review that the district court violated Federal Rule of Criminal Procedure 11(c)(1) by improperly participating in his plea negotiations, and that he is entitled to vacatur of his conviction or to resentencing by a different judge. For the following reasons, we **AFFIRM** Coriolant's conviction.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-30160

## BACKGROUND

An FBI investigation led to Benson Coriolant's arrest for an illegal sex trafficking operation that included teenage victims. After his subsequent four-count indictment, a jury convicted Coriolant of conspiracy to commit sex trafficking of children, in violation of 18 U.S.C. § 1594(c) (Count I); sex trafficking of children, in violation of 18 U.S.C. §§ 1591(a) and 2 (Count II); coercion and enticement of an individual to travel to engage in prostitution, in violation of 18 U.S.C. §§ 2422(a) and 2 (Count III); and coercion and enticement of a minor to engage in illegal sexual activity, in violation of 18 U.S.C. §§ 2422(b) and 2 (Count IV).

### A.    Plea Bargaining History

On several occasions, Coriolant was offered - but ultimately refused - plea agreements consisting of various terms.

The government and Coriolant's first appointed counsel initially informed the district court they were considering entering an agreement pursuant to Federal Rule of Criminal Procedure 11(c)(1)(C) during an April 19, 2012 status conference. Later, during a subsequent May 8, 2012 status hearing, the government presented Coriolant with a copy of a plea agreement for his consideration.

On September 17, 2012, prior to commencement of trial, the court inquired about the plea bargaining history of the case, so that the information could be part of the record.  Coriolant's newly-appointed counsel, Dwight Doskey, informed the court that in consideration of an offer for a plea to Count II of his indictment in exchange for a proposed range of 20 to 25 years, Coriolant had responded "that he was not interested in pleading to that term of years." Coriolant agreed with counsel's representation.

Doskey further stated that days before the commencement of trial, the government reiterated its offer to entertain a guilty plea to Count II with an

2

agreement not to seek an upward departure from the sentencing guideline range. Coriolant rejected that offer as well.  The government confirmed this offer, stating that it was tendered at Doskey's request "to make one last plea." Doskey also relayed that Coriolant had informed him that the government told his initial counsel that it was still willing to let Coriolant plead guilty to Count II but without making any promises as to sentencing requests. At the end of the discussion, Coriolant conferred with Doskey because, according to Doskey, "[Coriolant] just wanted to make sure that Your Honor understood that he does not wish to avail himself of any plea offer whatsoever."  Coriolant confirmed that to the court.

## B.     Trial and Sentencing

The evidence adduced at trial supported the allegations in Coriolant's indictment. This evidence included testimony against Coriolant from three witnesses who detailed Coriolant's sex trafficking operation. After a four-day trial, the jury convicted Coriolant on all four counts. Although the guidelines range was life, the district court varied downward and imposed a total sentence of 480 months imprisonment. Coriolant filed a timely notice of appeal.

## C.     Procedural History on Appeal

Coriolant's appointed appellate counsel submitted a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that no non-frivolous grounds for appeal existed. For the first time on appeal in his *pro se* response to his appellate counsel's *Anders* brief, Coriolant contends, *inter alia*, that the district court was biased and improperly participated in plea negotiations. Specifically, Coriolant asserts that the district court actively discouraged his trial attorney from negotiating a plea agreement with the government, which he contends is a violation of Rule 11. As proof of the district court's improper participation in plea negotiations, Coriolant submits a letter purportedly written to him by Doskey in December 2012. The letter details a chance

No. 13-30160

encounter between Coriolant's counsel and his trial judge, at which time Coriolant alleges the judge improperly injected himself into pending plea negotiations.[1]

In response to a supplemental *Anders* brief, Coriolant filed a second *pro se* response, reasserting the Rule 11 issue. In this second response, Coriolant reiterated many of the arguments from his initial *pro se* response, and stated that he felt the district court's alleged improper participation in the plea negotiations left him with no other choice but to go to trial. This appeal followed.

## STANDARD OF REVIEW

As Coriolant concedes, he neither raised the Rule 11(c)(1) issue nor objected to the alleged ex parte statement during any of the proceedings before the district court. Accordingly, we review the issue for plain error. *See United States v. Vonn*, 535 U.S. 55, 58-59 (2002) (applying plain error review to alleged Rule 11 violation). To establish plain error, Coriolant must show: (1) error; (2) that is clear or obvious, and; (3) that affected his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). We reach the fourth prong - which grants us discretion to remedy the error in the serious interest of "the fairness, integrity or public reputation of judicial proceedings" - only if the first three prongs are satisfied. *Id.*

## DISCUSSION

Coriolant contends that the district court's alleged participation in the plea negotiations constitutes plain error and warrants either vacatur of his conviction or resentencing by a different judge. Our review of the record, however, reveals a lack of competent evidence presented in satisfaction of Corliant's burden and prevents a finding of error of any kind.

---

[1] The contents of the subject letter are more fully elaborated upon in this court's discussion.

The single piece of evidence in furtherance of Coriolant's arguments is Doskey's letter to Coriolant, which states:

> Finally, as promised last week, I am again giving you the facts. Shortly after I enrolled in the case, I chanced upon the judge as he was walking his dog outside the courthouse. He remarked that we had one case open with each other, and that I should "not work too hard on that 11(c)(1)(C) plea". I took this to mean that he would not approve the deal or would have problems approving the deal, because he believed that 25 years was not a sufficient sentence in a case such as this. He never said clearly that he would reject the deal—you were the one who rejected the deal—and since that time he has restated how seriously he views violations of 18 U.S.C. [§ 1591].

Coriolant undeniably fails to satisfy his burden on the record before us. While Coriolant places his full reliance upon Doskey's account of events and interpretation, Doskey's unsworn letter alone is insufficient proof that the statement occurred, let alone that Doskey's interpretation of the statement was accurate. The record is similarly devoid of any reference to the context of the statement or any acknowledgement as to when Coriolant first learned of the statement.

Moreover, the record is inconclusive as to whether or not the judge knew the specifics of the pending plea agreement and thus does not prove that the statement, even if it was made, was a comment on the pending plea agreement of the kind that would violate Rule 11. On the insufficiently developed record before us on this direct appeal, there is simply no conclusive evidence that the judge violated the Rule 11(c)(1) prohibition on judicial participation in plea negotiations.

For these reasons, we **AFFIRM** Coriolant's conviction.